ISHEE, J.,
for the Court:
¶ 1. In February 2010, in the Lincoln County Chancery Court, Howard Clarke Reeves sought separate maintenance from his wife, Brenda McCullough Reeves, after Brenda left their marriage. The chancellor denied Howard’s request, concluding that Howard’s alcoholism and abuse throughout the eight-year period prior to his filing largely contributed to Brenda’s departure. In April 2011, Howard filed a complaint for divorce on the ground of desertion. Brenda filed a motion to dismiss Howard’s complaint, stating he had not proven the basic elements of desertion. Brenda claimed that under their circumstances, in order to claim desertion, the law required Howard to prove that he had made a good-faith reconciliation offer to Brenda at least one year prior to his filing for divorce. The chancellor agreed, and found that Howard had not met the one-year requirement as of April 2011. The *301 chancellor granted Brenda’s motion and dismissed the complaint. Howard now appeals, asserting the chancery court erred in its determination that he had not met the one-year requirement and erred in its failure to grant him a divorce on the ground of desertion. Finding no error, we affirm the chancery court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Howard and Brenda married in January 1977. The record reflects that around February 2008, Brenda left the marital home. Shortly thereafter, Howard filed for separate maintenance, seeking financial support from Brenda. Brenda filed a motion to dismiss Howard’s petition, and the case was tried in February 2010.
¶ 3. During the trial, the evidence revealed Howard had a substantial temper, had consistently abused alcohol over an eight-year period prior to the trial, and had engaged in numerous violent rampages where he was physically and emotionally abusive toward Brenda. As such, the chancellor determined that Howard was the greatest cause of Brenda’s departure from the marriage. On February 3, 2010, the chancellor granted Brenda’s motion to dismiss Howard’s petition for separate maintenance.
¶ 4. One month later, Howard filed his first complaint for divorce on the ground of desertion. For reasons not related to this matter, the complaint was dismissed. On April 11, 2011, Howard filed another complaint for divorce on the ground of desertion. Brenda filed a motion to dismiss. Brenda’s motion was denied in September 2011, and the matter was set for trial on February 8, 2012.
¶ 5. At trial, Howard presented evidence in his ease-in-chief that Brenda had maintained her separation from Howard and their marital residence for approximately four years. However, after Howard rested his case, Brenda moved again to dismiss Howard’s case. Brenda asserted that under Mississippi law, if a separate-maintenance action was previously filed and ruled on adversely to a petitioner now seeking divorce on the ground of desertion, the petitioner must prove he made a good-faith reconciliation attempt with his spouse at least one year prior to his filing for divorce. Brenda then claimed Howard did not make a good-faith-reconciliation attempt at least one year prior to April 11, 2011, and, hence, he had failed to prove a prima facie case for divorce on the ground of desertion.
¶ 6. The chancery court agreed. The chancellor stated that Howard had not provided substantial proof to meet the one-year requirement under Mississippi law. Therefore, the chancellor dismissed Howard’s complaint. Howard now appeals.
DISCUSSION
¶ 7. It is well settled that appellate courts are bound by a limited standard of review in domestic-relations matters. See, e.g., Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss.1994). The Mississippi Supreme Court has held that a chancellor’s findings of fact, especially in divorce cases such as the instant case, “will generally not be overturned by this Court on appeal unless they are manifestly wrong.” Fancher v. Pell, 831 So.2d 1137, 1140 (¶15) (Miss. 2002) (citing Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989)). The chancellor must have been “manifestly wrong, clearly erroneous[,] or an erroneous legal standard [must have been] applied,” for the findings to be overturned. Montgomery v. Montgomery, 759 So.2d 1238, 1240 (¶ 5) (Miss.2000) (quotation omitted).
*302 ¶8. Howard asserts the chancery court erred in finding that he failed to meet the one-year requirement for seeking a divorce on the ground of desertion. As such, Howard also asserts that the chancery court erred in failing to grant him a desertion-based divorce. The supreme court has addressed divorce cases such as the instant case wherein a separate maintenance action has been adjudicated prior to the filing for divorce on the ground of desertion. See Day v. Day, 501 So.2d 353, 354 (Miss.1987). In Day, the supreme court summarized desertion as follows:
If either party, by reason of such conduct on the part of the other as would reasonably render the continuance of the marital relationship unendurable, or dangerous to life, health[,] or safety, is compelled to leave the home and seek safety, peace[,] and protection elsewhere, then the innocent one will ordinarily be justified in severing the marital relation and leaving the domicile of the other, so long as such conditions shall continue, and in such case the one so leaving will be not guilty of desertion. The one whose conduct caused the separation will be guilty of constructive desertion[,] and if the condition is persisted in for a period of one year, the other party will be entitled to a divorce.
Id. at 356 (citation omitted).
¶ 9. However, the determination of whether desertion exists is viewed differently in light of an adjudicated separate-maintenance order. Id. (citation omitted). The supreme court noted that if a plaintiff seeking divorce can show that, “since the judgment for separate maintenance in favor of the defendant, the conditions have changed and the plaintiff has made efforts of reconciliation with the defendant with no avail, [then] the defendant is now a deserter and the plaintiff is entitled to a divorce for desertion.” Id. (citation omitted). The proof must show that the plaintiff was “honest in his intention to remedy his fault, and that his offers of reconciliation and request to return were made in good faith, with honest intention to abide thereby, and that the defendant deliberately refused his offers.” Id. at 357 (quoting Rylee v. Rylee, 142 Miss. 832, 840-41,108 So. 161, 163 (1926)).
¶ 10. The evidence before us fails to prove that Howard made a good-faith reconciliation offer at least one year prior to April 11, 2011, as required by Day and Rylee. Howard testified at trial that he called Brenda once a month asking to reconcile. Brenda disputes this fact and further asserts that Howard’s occasional generic request to reconcile did not include a promise that he would seek rehabilitation for his alcohol abuse, nor did his requests include repentance for his prior abusive actions toward Brenda or promises that the abuse would not occur again. The evidence shows that the only good-faith reconciliation offer acknowledged by both parties was made on or about June 7, 2011 — approximately two months after Howard filed his complaint for divorce on the ground of desertion.
¶ 11. This was reflected in the chancellor’s following comments made during his ruling:
It seems to me that after a separate[-]maintenance proceeding, in order for the time to start ticking under Day, it is incumbent upon Mr. Reeves to make a good[-]faith offer.... I don’t have proof that I think rises to a preponderance of the evidence to show that Mr. Reeves made an offer for Mrs. Reeves to return home, satisfying whatever concerns she may have had, that would have started the one year running as contemplated by Day. I’m going to decline to talk about the reasonableness or unreasonableness of these post[-]fil *303 ing offers that have transpired between Mr. and Mrs. Reeves....
We agree with the chancellor. The law is clear that, under these circumstances, Howard was required to make a good-faith reconciliation offer at least one year prior to filing a complaint for divorce on the ground of desertion. The evidence simply does not show that he did so. As such, the chancellor did not err in his determination that Howard failed to meet the one-year requirement at issue. This issue is dispos-itive of Howard’s second claim on appeal that the chancery court erred in failing to grant him a divorce on the ground of desertion. These issues are meritless.
¶ 12. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.